UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER LEE HALL (#08528-030),

    Plaintiff,

                    CASE NO. 4:15-CV-13771
                    JUDGE TERRENCE G. BERG
                    MAGISTRATE JUDGE ANTHONY P. PATTI

   v.

KEVIN M. CHAPMAN,
NICHOLAS JUKURI and
FRANK O. FINCH,

    Defendants.

_____/

**ORDER DENYING WITHOUT PREJUDICE
PLAINTIFF'S MOTION TO GRANT AMENDED COMPLAINT (DE 15)
AND HOLDING DEFENDANTS' MOTION TO DISMISS (DE 13) IN
ABEYANCE**

    Walter Lee Hall (#08528-030) has been incarcerated at FCI Milan at all times during the pendency of this lawsuit, which he filed on October 23, 2015 against Officer Chapman (Kevin M. Chapman), N. Jukuri (Nicholas Jukuri) and General Manager Finch (Frank O. Finch). (DE 1; *see also* DEs 8-10.) Plaintiff's initial filing consists of a form prisoner civil rights complaint (DE 1 at 1-11), his affidavit (DE 1 at 12-17), a memorandum of law (DE 1 at 18-26), a certificate of service (DE 1 at 27), as well as several affidavits and exhibits in

1

support (DE 1 at 28 -50, DE 1 -1). The facts underlying this lawsuit occurred during June 2014 through May 2015. (DE 1 at 5-10.)[1]

This case has been referred to me for pretrial matters. (DE 5.) Currently pending before the Court is Defendants' March 7, 2016 motion to dismiss, which is based upon sovereign immunity, exhaustion of administrative remedies and qualified immunity. (DE 13.) Plaintiff has filed a response, and Defendants have filed a reply. (DEs 16, 18.)

Meanwhile, on March 28, 2016, Plaintiff filed a Motion to Grant Amended Complaint (DE 15) – which this Court construes as a motion for leave to amend his pleadings under Fed. R. Civ. P. 15 – to which Defendants have responded (DE 17). Upon consideration, Plaintiff's motion to grant amended complaint (DE 15) is **DENIED WITHOUT PREJUDICE**. Preliminarily, Plaintiff has not complied with E.D. Mich. LR 15.1:

> A party who moves to amend a pleading shall *attach the proposed amended pleading* to the motion. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, *reproduce the entire pleading as amended*, and may not incorporate any prior pleading by reference. Failure to comply with this Rule is not grounds for denial of the motion.

---

[1] Plaintiff is also a party to *Hall v. Federal Bureau of Prisons*, Case No. 2:15-cv-12376-AJT-SDD (E.D. Mich.) (filed June 30, 2015), which appears to concern the events of September – October 2013 (DE 1 at 4-5).

E.D. Mich. LR 15.1 ("Form of a Motion to Amend and Its Supporting Documentation") (emphases added). Plaintiff's March 28, 2016 motion to amend does not attach a proposed amended pleading, although, consistent with the local rule, I am not denying the motion solely on this basis. More importantly, the Court cannot discern – either from Plaintiff's motion to amend (DE 15 at 1-5) or his attached affidavit (DE 15 at 6-7) – how Plaintiff actually seeks to *amend* his original complaint (DE 1). In other words, the Court cannot determine whether Plaintiff is attempting to provide more details for matters already presented in the original complaint, attempting to add new facts or causes of action, *etc*. He simply fails to explain to the Court how he wishes to revise his pleadings and how his proposed amended complaint would read. Because of this lack of information, the Court is unable to determine whether an amendment is warranted or whether it would be futile. See <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

However, Plaintiff may renew his motion to amend in accordance with Fed. R. Civ. P. 15(a)(2) no later than Friday, May 6, 2016. If Plaintiff chooses to do so, he must attach a proposed amended complaint as described in E.D. Mich. LR 15.1, fully setting forth all of his claims as he wishes them to be presented, without reference to or incorporation of his original complaint. *See also Drake v. City of Detroit, Michigan*, 266 F.App'x 444, 448 (6th Cir. 2008) ("Although Drake

pleaded a claim for abuse of process in his original complaint filed in state court, that complaint is a nullity, because an amended complaint supercedes all prior complaints."); *Smith & Nephew Inc. v. Federal Ins. Co.*, 113 F.App'x 99, 102 (6th Cir. 2004) ("Rule 15 does provide that an amended complaint supercedes an original complaint with respect to which allegations and issues are presented to the court for disposition[.]").

Meanwhile, Defendants' motion to dismiss (DE 13), which has been fully briefed, will be **HELD IN ABEYANCE** pending the timely filing of a renewed motion to amend and this Court's consideration thereof.

**IT IS SO ORDERED.**


**Dated: April 13, 2016**         s/Anthony P. Patti
                                  ANTHONY P. PATTI
                                  U.S. MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record electronically and/or by U.S. Mail on April 13, 2016.

                                  s/Michael Williams
                                  Case Manager for the
                                  Honorable Anthony P. Patti